### INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. M. L. HAYS.

#### Decided December 12, 1906.

**1.—Failure to Observe Signals—Negligence—Charge.**

In a suit for damages for the death of a brakeman who, while in the discharge of his duties, was run over and killed by a backing train because of the negligence of the enginemen in failing to observe the signals given by said brakeman, charge of the court considered, and held not to have imposed on defendant a higher degree of care than the law required when the charge is considered as a whole and in connection with the special charges given at the request of the defendant.

**2.—Charge—Law of the Case.**

Because the court instructed the jury as follows: "The law of the case you should receive from the charge of the court, and be governed thereby," it can not be presumed that the jury were led thereby to think that they should not consider the special charges given by the court.

**3.—Verdict—Not Excessive.**

A verdict for $6,000 in favor of a mother for the death of her son, who was 22 years of age at the time of his death, and was earning from $50 to $100 per month, most of which was given to his mother, who was 54 years of age, can not be deemed excessive.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*John M. King* and *Hicks & Hicks,* for appellant.—The court in its charge, by using the following language:

"And that said R. S. Hays called and signalled to the defendant's

employes who were in charge of its locomotive to stop said train, in such
a manner as to be observable to said employes," imposed upon defend-
ant a higher degree of care than that imposed by law, in this: It im-
poses upon the employes of defendant the duty of seeing the signals and
obeying them, if said signals were observable to said employes, while
the law governing the duty of master and servant only imposes upon the
said employes in charge of said locomotive the duty of exercising or-
dinary care to see and obey said signals. This was error on the part of
the court. Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 393;
International & G. N. Ry. Co. v. McDonald, 75 Texas, 42; Austin &
N. W. Ry. Co. v. Beatty, 73 Texas, 592; Galveston, H. & S. A. Ry. Co.
v. Daniels, 20 S. W. Rep., 955; Texas & Pac. Ry. Co. v. McCarty, 35
S. W. Rep., 675.

The court, by the use of the following language in said charge, viz.:
"And that if said signals, if any were given, had been received and
acted upon by the defendant's servants in charge of said locomotive,
said train could have been stopped in time to have averted the injury
and death of the said R. S. Hays, and if you further believe from the
evidence that defendant's employes in charge of its locomotive negli-
gently failed to observe and act upon said signals, if any were given,
and that such negligence, if any, directly caused the injury and death
of the said R. S. Hays, then I charge you that your verdict must be for
the plaintiff," imposes the duty upon appellant to have stopped said train,
if it could have been done, in time to have prevented said injury and
death of the said R. S. Hays. In this the court committed error, for the
reason that the degree of care never varies but is always that of ordinary
care and by this language the court imposes upon appellant the duty of
stopping said train if it could have been done regardless of whether it
could have been done by the exercise of ordinary care. Bookrum v. Gal-
veston, H. & S. A. Ry. Co., 57 S. W. Rep., 919.

The court in the following portion of said paragraph of his charge,
to wit: "And that the said R. S. Hays called and signalled to the de-
fendant's employes who were in charge of its locomotive to stop said train,
in such a manner as to be observable to said employes, and if you further
believe from the evidence that any such signals, if any were given, were
given in time for the defendant's employes in charge of its locomotive to
have stopped the train, and to have averted the injury and death of the
said R. S. Hays, and that if said signals, if any were given, had been re-
ceived and acted upon by defendant's servants in charge of said locomo-
tive, said train could have been stopped in time to have averted the injury
and death of the said R. S. Hays," assumes the said employes in charge
of said locomotive knew of the peril of the said R. S. Hays, in this:
said charge imposes the duty of stopping said train, if the same could
have been stopped in time to prevent said injury and death of the said
R. S. Hays. Whether or not said employes knew of the peril of said
R. S. Hays is a disputed fact and the court committed error in as-
suming that said employes knew of said peril. Galveston, H. & S. A.
Ry. Co. v. Davidson, 61 Texas, 204; Gulf, C. & S. F. Ry. Co. v. Finley,
32 S. W. Rep., 51; Texas & Pac. Ry. Co. v. Berry, 72 S. W. Rep., 423;
Harwell v. Southern Furniture Co., 75 S. W. Rep., 52; Galveston, H.
& S. A. Ry. Co. v. Eckels, 26 S. W. Rep., 1117.

Where the evidence shows that the deceased was 22 years of age or nearly 22 years of age, earning at the time of his death from $50 to $100 per month, and unmarried, and gave all his earnings to his mother, and that out of said earnings his mother supported deceased, furnishing him with money to buy his clothing and spending money, and that the mother of the deceased, at the time of the death was 54 years old, a verdict and judgment for $6,000 is excessive. Atchison, T. & S. F. Ry. Co. v. Van Belle et ux., 64 S. W. Rep., 397.

*H. C. Carter* and *Perry J. Lewis,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages instituted by Mrs. M. L. Hays against appellant, alleged to have arisen through the death of her son, R. S. Hays, who was run over and killed by the cars of appellant in the town of Pearsall, Texas. Appellant pleaded assumed risk and contributory negligence on the part of deceased. A trial by jury resulted in a verdict and judgment for appellee in the sum of $6,000.

R. S. Hays, a young man about 22 years of age, was a brakeman in the employ of appellant, and, in discharge of his duty, went in front of a train consisting of a locomotive and four cars that was slowly backing at the rate of about two miles an hour. When crossing the track about 8 or 9 feet from the nearest car, his foot caught in an unblocked guard rail and held him fast. He at once gave the signal with his hands for the emergency stop, and screamed and called so that he was heard by a number of citizens on a business street two hundred feet away. Persons near the track saw the signals and heard the cries of deceased and joined with him in signaling and calling to the persons on the engine, but they gave no heed to the signals and screams of distress and the train knocked deceased down and ran over him and he continued to scream until the fourth car was passing over him when its wheels crushed the life out of him. The train was stopped when the wheels of the tender of the locomotive were at or near the body. The employes on the train knew the deceased was at the front of the backing train and it was their duty to be constantly on the lookout. The evidence shows that the engineer or fireman heard the cries and saw the signals made by the persons near the track, and instead of stopping the train leaned far out and looked along the track. When an effort was made to stop the train it was done in less distance than two feet. The evidence clearly established negligence on the part of the employes which caused the death of R. S. Hays. That the evidence established negligence is not questioned by appellant in its brief.

The following charge given by the court is attacked through the medium of the first assignment of error: "If you believe from the evidence that on or about the 23d day of August, 1901, R. S. Hays was in the employ of the defendant as a brakeman on one of its freight trains, and that, on said date the said R. S. Hays was in the discharge of his duty in the yards of defendant in the town of Pearsall, and that, while in the discharge of his duty, if he was in the discharge of his duty, his foot became fastened between a rail in the defendant's track and a guard rail, which was unblocked, as alleged in plaintiff's petition, and if

you further believe from the evidence that he was held in this position, and unable to extricate himself, as alleged in plaintiff's petition; and that, while in this position, defendant's cars ran upon and over him and caused his death, and if you further believe from the evidence that while the said R. S. Hays' foot was caught, if it was caught, defendant's cars were being backed slowly towards him, and that the said R. S. Hays called and signaled to the defendant's employes, who were in charge of its locomotive to stop said train, in such a manner as to be observable to said employes, and if you further believe from the evidence that any such signals, if any were given, were given in time for the defendant's employes, in charge of its locomotive, to have stopped the train and to have averted the injury and death of the said R. S. Hays, and that, if said signals, if any were given, had been received and acted upon by defendant's servants in charge of said locomotive, said train could have been stopped in time to have averted the injury and death of the said R. S. Hays, and if you further believe from the evidence that defendant's employes in charge of its locomotive, negligently failed to observe and act upon said signals, if any were given, and that such negligence, if any, directly caused the injury and death of the said R. S. Hays, and if you further believe from the evidence that the said R. S. Hays was the son of the plaintiff, Mrs. M. L. Hays, and that she sustained pecuniary damage by reason of his death, and if you further believe from the evidence that R. S. Hays was not guilty of contributory negligence and did not assume the risk, then I charge you that your verdict must be for the plaintiff."

The charge is criticized in the first. proposition on the ground that "it imposes upon the employes of defendant the duty of seeing signals and obeying them, if the said signals were *observable* to said employes, while the law governing the duty of the master and servant only imposes upon the said employes in charge of said locomotive the duty of exercising ordinary care to see and obey said signals." In the latter part of the criticized charge the jury was instructed not only that, in order to find for appellee, they must find that the signals were observable, that is discernible or capable of being seen, but they must also find that appellant "negligently failed to observe and act upon said signals." Couched in other words the instruction would have been that if the signals were given in a place where they would have been seen by, the employes and they negligently failed to see them and act on them, appellant was liable. The charge is correct, when read, as it should be in connection with the special charges requested by appellant and given by the court. The special charges are as follows:

"The plaintiff can not recover in this suit unless you believe from the evidence, not only that the defendant was guilty of negligence, but that such negligence, if any, was the proximate cause of the death of plaintiff's son; therefore, if you believe from the evidence that plaintiff's son was run over and killed, but you further believe that he would have been run over and killed by a portion of the train, even if the fireman and engineer had been exercising ordinary care to discover signals and stop the train, you will find for the defendant, even though you may also

believe that the engineer· or fireman should have discovered the signals sooner and stopped the train sooner than they did stop it.

· "The plaintiff can not recover in any amount in this suit unless it is shown by a preponderance of the evidence that the defendant was guilty of negligence which was the proximate .cause of the death of plaintiff's son, and the burden of proof of such negligence is upon the plaintiff."

"The plaintiff can not recover anything in this suit if the deceased R. S. Hays, was guilty of any negligence which contributed to his death, even· though' you may believe that the defendant was also guilty of negligence; therefore, if you believe from the evidence that the deceased, R. S. Hays, was guilty of negligence in going upon the track of defendant, and in walking thereon at the time and in the manner in which he did go thereon, if you find that he did go upon and walk upon said track, and that such negligence, if any, contributed to or was the proximate .cause of his injury, then you must find for defendant, unless you further find that the engineer or fireman failed to use ordinary care to discover Hays in his position of peril, in time to have stopped the train before it ran upon him, and afterward failed to use all the means at hand to stop the train and prevent the train from running upon him.

"If you believe from the evidence that neither the brakeman, Hays, or defendant was guilty of the negligence charged against each other in the pleadings, but that the killing of the said Hays resulted from an accident incident to the business or employment, you will find for the defendant.

"The employes of a railroad company are only required to use ordinary care in the prosecution of their work, and ordinary care is such care as a person of ordinary prudence would use under the same or similar circumstances, and if you find from the evidence that the employes of defendant upon the engine were exercising ordinary care at the time plaintiff's son was killed, then plaintiff is not entitled to recover, and your verdict should be for the defendant."

The case was not submitted on the theory of discovered peril at all, and of course there is no merit in the contention that the court assumed that the employes knew of the peril.· The charge proceeded on the theory that the employes did not discover the peril of deceased, and instructs the jury to find against appellant if they were negligent in not discovering the peril and using the proper means to avert the danger. The negligence is predicated upon the failure to observe and act on the signals.

Through the second assignment of error appellant objects to the charge wherein the court told the jury: "The law of the case you should receive from the charge of the court and be governed thereby." Appellant seems to think that excluded consideration of its requested charges, but we think not. They were parts of the charge given by the court, and we do not believe a jury would be led by the language used to think that they should not consider the special charges. The identical question was raised in the case of International & G. N. Ry. v. Muschamp, 90 S. W. Rep., 706, and was decided by the Court of Civil Appeals of the Third District adversely to the contention of appellant, and a writ of error was refused by the Supreme Court. The jury were presumedly

men of average intelligence, and doubtless understood that the court was not excluding any special charges given by him, but was guarding them from any propositions that might come from any other source than from the court.

We do not think a verdict for $6,000 is excessive under the facts of this case. Deceased was about 22 years of age when killed and was earning from $50 to $100, most of which sums were given to his mother who was 54 years old. The young man's expenses were from $10 to $12 per month. No reason is offered in support of the proposition that the verdict is excessive. The judgment is affirmed.

*Affirmed.*

Writ of error refused.